# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JULIE BRAMMELL,

    *Plaintiff,*

vs.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY

    *Defendant.*

Case No. 15-01202-EFM

## MEMORANDUM AND ORDER

Plaintiff Julie Brammell seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits and Supplemental Security Income, under Title II and Title XVI of the Social Security Act (the "Act"), respectively. In her pleadings, Brammell alleges that the administrative law judge ("ALJ") erred in assessing Brammell's residual functional capacity ("RFC") because he did not fully develop the record and found Brammell's claims incredible. Upon review, the Court finds that the Commissioner's decision was supported by substantial evidence contained in the record. As such, the decision of the Commissioner is affirmed.

## I.  Factual and Procedural Background

Brammel is forty-five years old. She has a twelfth grade education and previously worked as a grocery receiving clerk, a convenience store cashier, and a day care provider. On January 10, 2013, Brammell filed applications for disability insurance benefits and supplemental security income, due to depression, high blood pressure, hiatal hernia, anxiety, and lower back problems. Brammell alleged a disability onset date of October 10, 2009.

The state agency and the Social Security Administration denied Brammell's applications initially and upon reconsideration. Pursuant to Bramell's request, an ALJ conducted a hearing on December 19, 2013. Brammell and her counsel appeared at the hearing, as well as a vocational expert. At the beginning of the hearing, Brammell's attorney requested a consultative examination or medical expert interrogatories to evaluate Brammel's physical limitations because the record did not contain a medical opinion on the issue. Brammell then testified that she had problems walking, sitting, and bending over. She also testified that steroid injections, heat, and ice pads helped her back pain but that physical therapy made her symptoms worse.

The ALJ issued his decision on December 23, 2013, finding that Brammell suffered from the following severe impairments: methamphetamine abuse in reported remission, depression, anxiety, and degenerative disc disease of the lumbar spine. Despite this finding, the ALJ determined that Brammell's impairment did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that neither an additional consultative exam nor an independent medical exam was necessary to address Brammell's functional capacities and concluded that Brammell has the RFC

> to perform a light range of work as defined in 20 CFR 404.1567(b) and 416.967(b) in that she can lift 20 pounds occasionally and 10 pounds frequently. She can stand or walk for six hours and sit for six hours in an eight-hour day with

normal breaks. She can occasionally climb ramps or stairs, but should never climb ladders, ropes, or scaffolds. She is limited to occasional stooping, kneeling, crouching and crawling. She can occasionally be exposed to vibration, but should avoid exposure to workplace hazards such as unprotected moving mechanical parts or unprotected heights. In addition, the claimant is able to understand, remember and carry out only simple, routine repetitive tasks involving simple, work related decisions, with few, if any, workplace changes. The claimant is also limited to jobs that do not involve any interaction with the public. She can be around coworkers throughout the day, but with only brief, incidental interaction with those coworkers and no tandem tasks. She is limited to jobs where her work is isolated, which I define as needing no more than occasional supervision.

Considering Brammell's age, education, work experience, and RFC, the AJL found that there are jobs that exist in significant numbers in the national economy that Brammell could perform. Therefore, the ALJ found that Brammell has not been under a disability from October 10, 2009, through the date of his decision.

Given this unfavorable result, Brammell sought reconsideration of the ALJ's decision from the Appeals Council. The Appeals Council denied Brammell's request for review on May 5, 2015. Brammell filed a complaint in the United States District Court, District of Kansas on July 2, 2015, seeking reversal of the ALJ's decision and the immediate award of benefits or, in the alternative, a remand to the Commissioner for further consideration. Given Brammell's exhaustion of all administrative remedies, her claim is now ripe for review before this Court.

## II. Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act (the "Act") which provides, in part, that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."[1] The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial

---

[1] 42 U.S.C. § 405(g).

evidence in the record and whether the ALJ applied the correct legal standard.[2]  "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[3]  The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[4]

An individual is under a disability only if she can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[5]  This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience."[6]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7]  The steps are designed to be followed in order.  If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

---

[2] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[3] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. Jul. 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

[5] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[6] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005)).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a).

[8] *Barkley*, 2010 WL 3001753, at *2.

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[9] If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[10]

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform her past relevant work or whether she can generally perform other work that exists in the national economy, respectively.[11] The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[12] The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[13]

### III. Analysis

The ALJ determined that Brammell retained the RFC to perform a range of light work requiring only occasional fingering with both hands. The ALJ acknowledged that the record

---

[9] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[10] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Lax*, 489 F.3d at 1084.

[13] *Id.*

contained no medical opinions as to Brammell's physical limitations but stated that this RFC was consistent with evidence of moderate degenerative disc disease and the isolated abnormal clinical signs and findings. Brammell contends that substantial evidence does not support the ALJ's RFC assessment because the record was not fully developed and because the ALJ found Brammell's complaints not fully credible. As explained more fully below, Brammell's arguments are not persuasive.

### A. Failure to Develop the Record

Brammell argues that the ALJ erred because he did not order a consultative examination as requested by her counsel at the hearing. Specifically, Brammell argues that the ALJ should have ordered a consultative examination to determine the functional limitations associated with the severe impairment of degenerative disc disease. In response, the Commissioner argues that there was no need to order a consultative examination because the record was adequately developed.

Generally, the claimant bears the responsibility to provide the evidence necessary for the ALJ to make the RFC finding.[14] In regard to a consultative exam, the Tenth Circuit has explained the claimant's burden as follows:

> Ordinarily, the claimant must in some fashion raise the issue sought to be developed which, on its face, must be substantial. Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists. When the claimant has satisfied his or her burden in that regard, it then, and only then, becomes the responsibility of the ALJ to order a consultative examination if such an examination is *necessary or helpful to resolve the issue of impairment*.[15]

---

[14] 20 C.F.R. § 404.1545(a)(3); 20 C.F.R. § 416.945(a)(3).

[15] *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) (internal citations omitted) (emphasis added).

-7-

An ALJ "has broad latitude in ordering consultative examinations."[16] An ALJ should consider ordering a consultative examination when "there is a direct conflict in the medical evidence requiring resolution or where the medical evidence in the record is inconclusive."[17]

The Court agrees with the Commissioner that the ALJ was not required to order a consultative exam in this case. Despite the State Agency's finding that Brammell's physical impairments were not severe, the ALJ determined that Brammell suffered from the severe impairment of degenerative disc disease. At that point, the ALJ was only required to order a consultative exam if "such an examination is necessary or helpful to resolve the issue of impairment."[18]

In this case, the ALJ reasonably determined that a consultative exam was not necessary because the record contained sufficient evidence to assess Brammell's RFC. Brammell's back pain became a significant issue in November 2012—three years after her alleged disability onset date. At that time, she had muscle spasms but negative straight leg raising tests, no weakness, normal sensation, and normal ability to stand on her heels and toes. Her treating physician only recommended that she refrain from strenuous activity. Three months later, an MRI showed a disc herniation and other findings, but another treating physician found that Brammell had a normal gait, no tenderness, and intact sensation and motor functioning. A steroid injection in April 2013 helped Brammell for approximately three weeks. Plaintiff's treating physicians continued to find few abnormalities upon examination until October 2013, where a nurse noted that Brammell had muscle spasms, pain on range of motion, decreased strength, positive straight

---

[16] *Id.* at 1166 (citing *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990)).

[17] *Id.* at 1166 (citations omitted).

[18] *Id*. at 1167.

leg raising tests, and abnormal reflexes. Two months later, however, the same nurse only recorded muscle spasms and pain on range of motion on examination.

In assessing Brammell's RFC, the ALJ noted these mild findings and observed that only the October 2013 exam yielded greater findings. This evidence was sufficient for the ALJ to determine that Brammell could perform a range of light work. Therefore, he was not required to order a consultative examination.

Brammell contends that the ALJ should have ordered a consultative examination simply because there was no opinion in the record as to her physical limitations due to her back impairment. The Tenth Circuit has held, though, that there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."[19] The RFC determination is ultimately an administrative determination made by the ALJ, and not a medical determination.[20] "The determination of RFC is an administrative assessment, based upon all the evidence of how the claimant's impairments and related symptoms affect her ability to perform work-related activities. . . . The final responsibility for determining RFC rests with the Commissioner, based upon all the evidence in the record, not only the relevant medical evidence."[21] As noted above, the record was sufficient for the ALJ to assess Brammell's physical RFC. The addition of such an exam was not

---

[19] *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

[20] *See* Social Security Ruling (SSR) 96–5p, 1996 WL 374183, at *5 (July 2, 1996) ("The term '*residual functional capacity assessment*' describes an adjudicator's finding about the ability of an individual to perform work-related activities. The assessment is based upon consideration of all relevant evidence in the case record. . . . [A] medical source statement must not be equated with the administrative finding known as the RFC assessment.").

[21] *Young v. Barnhart*, 146 F. App'x 952, 955 (10th Cir. 2005) (citations omitted).

necessary to resolve the issue of impairment. Therefore, the ALJ had no duty to order a consultative examination.

**B.     Credibility Analysis**

Brammell next alleges that the ALJ erred by failing to conduct a proper credibility analysis. Recognizing that "some claimants exaggerate symptoms for the purposes of obtaining government benefits,"[22] an ALJ's credibility determinations are generally treated as binding on review.[23] "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.[24] The Court cannot displace the ALJ's choice between two fairly conflicting views even though the Court may have justifiably made a different choice.[25] However, notwithstanding the deference generally given to an ALJ's credibility determination, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."[26]

In evaluating a disability claim based on nonexertional symptoms, including pain, the ALJ must first determine whether the objective medical evidence demonstrates that a claimant suffers from an underlying medically determinable physical or mental impairment.[27] If so, the ALJ must consider the relationship between the impairment and the alleged nonexertional

---

[22] *Bolan v. Barnart*, 212 F. Supp. 2d 1248, 1260 (D. Kan. 2002) (citing *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987)).

[23] *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990).

[24] *Wilson*, 602 F.3d at 1144 (quoting *Diaz*, 898 F.2d at 777); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

[25] *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

[26] *Wilson*, 602 F.3d at 1144 (quoting *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1998)).

[27] *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987).

limitation.[28] If a loose nexus exists, the ALJ must then consider all the evidence, both objective and subjective, in determining whether a claimant's limitation is disabling.[29] Factors that may be relevant in assessing the claimant's testimony include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or non-medical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of non-medical testimony with objective medical evidence.[30]

In this case, the ALJ found that Brammell's allegations of pain "not entirely credible" for several reasons. First, the ALJ found her credibility diminished because she sought limited treatment for her back pain. The ALJ noted that Brammell did not begin to seek treatment until November 2012, well after her October 2009 alleged onset date. Brammell takes issue with this finding, arguing that the ALJ should have considered whether her lack of insurance justified her limited treatment. Brammell also argues, however, that she did not begin experiencing back pain until November 2012, which renders her first argument obsolete. If Brammell did not experience back pain until 2012, then the ALJ had no reason to consider her lack of insurance or other financial means as a reason for not seeking treatment before that time.

Next, the ALJ found Brammell's allegations of disabling pain were out of proportion with the objective medical evidence. The ALJ noted that radiographic imaging of Brammell's lumbar spine revealed only mild to moderate degenerative disc disease and that the clinical signs and findings were unremarkable. The ALJ specifically noted that in November 2012, Brammell

---

[28] *Id.* at 164.

[29] *Id.*

[30] *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993) (quotation marks and citation omitted).

reported to the emergency room with back pain but no significant clinical signs were reported. He also reported that a July 2013 physical examination was unremarkable, with Brammell demonstrating a normal gait and stance and normal reflexes. The ALJ found that only Brammell's most recent examinations—those from August to December 2013—contained consistently positive clinical findings, but those findings were largely subjective. Brammell argues that this evidence does not support the ALJ's credibility determination. The Court, however, finds this argument unpersuasive. The ALJ specifically cited medical evidence in the record that supported his finding that Brammell's complaints of back pain were not supported by the objective medical evidence.

The ALJ noted at least two other factors in support of his credibility analysis. In considering Brammell's reported activities, the ALJ stated that she engaged in regular exercise, prepared meals, performed light household chores, and shopped for groceries once a week. The ALJ also noted that Brammell goes fishing "once in a while." The ALJ further found that Brammell's inconsistent statements involving her drug and alcohol abuse detracted from her credibility. In late January 2012, Brammell claimed that she had not used methamphetamines for a year, but a few days later, a drug screen was positive for methamphetamines, and she appeared to have withdrawal symptoms.

Based on a review of the record, the Court determines that the ALJ articulated specific reasons for finding Brammell not fully credible, and these reasons are affirmatively linked to evidence in the record. As stated above, the Court will not reweigh the evidence or substitute its

own judgment for that of the ALJ.[31]  Accordingly, Brammell's assignment of error with regard to credibility is without merit.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 23rd day of March, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[31] *Hackett*, 395 F.3d at 1173.